In the Matter of ANASTASIA DUBLANICA, Respondent, v ROME HOSPITAL/MURPHY MEMORIAL HOSPITAL et al., Appellants. Memorandum: Claimant applied for, and was granted, an order permitting her to file a late notice of claim against the Rome Hospital/Murphy Memorial Hospital, a municipal corporation. The order provided for service of the notice of claim upon the hospital within 15 days from the entry of the order. The hospital appealed from that order and we affirmed *(Matter of Dublanica v Rome Hosp./Murphy Mem. Hosp.,* 101 AD2d 717).

The 15-day period for service expired on January 19, 1984

and, through inadvertence, claimant did not serve the notice of claim until July 13, 1984. Upon realizing his mistake, claimant's attorney moved for an order modifying the prior order to correct the untimely service. Special Term granted the motion and ordered that the prior order be amended by deleting the requirement for service of the notice of claim within 15 days, and by providing instead, that the notice of claim submitted with the motion papers on the prior motion be deemed served on the hospital. In addition, Special Term declared that claimant had otherwise satisfied the notice requirements of General Municipal Law § 50-e.

The hospital appeals, contending that the court was without power to further extend the time for service because the motion for a further extension of time was made more than one year and 90 days after the claim arose. Contrary to the hospital's contention, we conclude that Special Term had the power to amend its order and that it did not abuse its discretion in doing so.

"At any stage of an action, the court may permit a mistake, omission, defect or irregularity to be corrected * * * or, if a substantial right of a party is not prejudiced, the mistake, omission, defect or irregularity shall be disregarded" (CPLR 2001). The case of *Valz v Sheepshead Bay Bungalow Corp.* (249 NY 122) provides an example of the court's power to amend an order nunc pro tunc to correct a mistake. There the order of service by publication directed that the summons be published in a particular newspaper but by mistake plaintiff published the summons in another newspaper in the area. The Court of Appeals held that it was proper for Special Term to correct the mistake by amending the order to provide for publication in the newspaper in which the summons was published. By analogy, it was proper for the court in this instance to correct claimant's mistake by amending its order to provide that the notice of claim attached to the notice of motion was deemed to be proper service of the late notice of claim. As in *Valz*, this was a direction the court could properly have made in its order in the first instance and the hospital has not been prejudiced by the amendment.

The hospital further contends that any action commenced hereafter will be time barred. That issue, however, is not before us on this appeal. (Appeal from order of Supreme Court, Oneida County, Stone, J.—notice of claim.) Present—Callahan, J. P., Doerr, Denman, Boomer and Schnepp, JJ.